UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ROBERT J. MAXIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 1:10-cv-1286-SEB-DML |
| | ) | |
| SERGEANT WILLIAM MILLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Dismissing Insufficient Claims
and Directing Further Proceedings**

**I.**

Robert J. Maxie is an inmate confined at the Lakeside Correctional Facility ("Lakeside"). He filed this civil rights action based on events which occurred while he was incarcerated at the Pendleton Correctional Facility ("Pendleton"), an Indiana prison operated by the Indiana Department of Correction ("DOC").

Because Maxie is a "prisoner" as defined by 28 U.S.C. § 1915(h), the court has screened his complaint as required by 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

As a result of that screening, the legally insufficient claims in the complaint will be dismissed, while other claims will proceed, all consistent with the following:

1. A claim is legally insufficient if it lacks facial plausibility, meaning that it lacks factual content allowing the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The claims in the complaint which lacks facial plausibility and which are therefore dismissed are the following:

• Claims against the DOC are dismissed. Eleventh Amendment immunity bars suits against states and their agencies regardless of the relief sought, whether damages or injunctive relief. *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 58 (1996); *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 102 (1984). In

addition, states and their agencies are not "persons" subject to suit pursuant to 42 U.S.C. § 1983 under the circumstances alleged in Maxie's complaint. *Will v. Michigan Department of State Police,* 491 U.S. 58 (1989). These principles also compel the dismissal of § 1983 claims for damages against the defendant individuals in their official capacities. See *Kentucky v. Graham*, 473 U.S. 159, 165-67 and n.14 (1985) (suit for damages against state officer in official capacity is barred by the Eleventh Amendment).

- Claims against James Dick, a grievance officer at Pendleton, are dismissed because there is no allegation of wrongdoing on his part. *See Black v. Lane*, 22 F.3d 1395, 1401 and n.8 (7th Cir. 1994)(district court properly dismissed complaint against one defendant when the complaint alleged only that defendant was charged with the administration of the institution and was responsible for all persons at the institution). To the extent Officer Dick is included as a defendant because of his position as a grievance specialist at Pendleton, this position alone is not adequate to support the imposition of liability. The failure of prison officials to process grievances in a particular way or to do so leading to a particular result is not actionable as the violation of a federally secured right. *Grieveson v. Anderson,* 538 F.3d 763, 772 (7th Cir. 2008).

- Claims that Pendleton Superintendent Hanlon and Major Voris failed to properly investigate and respond to Maxie's complaints about staff misconduct are dismissed because these defendants are not alleged to have participated in or to have directed any of the staff misconduct which Maxie alleges. Without such personal involvement, these defendants could not be liable. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009)("Because vicarious liability is inapplicable to *Bivens* . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

- Any claim that Superintendent Hanlon, Major Voris, and Lt. Boldman denied Maxie his due process rights are dismissed because there is no factual basis to support these claims. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (the allegations must "raise a right to relief above the speculative level").

- Any claim asserted pursuant to 42 U.S.C. § 1985 is dismissed because there are no allegations of an actionable conspiracy associated with that statute. *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009)(explaining that "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim" and that "in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements").

- Any claim based on the asserted violation of the Indiana Constitution is dismissed because existing tort law amply protected the right associated with the Indiana Constitution. *Cantrell v. Morris,* 849 N.E.2d 488 (Ind. 2006) (holding that the Indiana Constitution does not create a private right of action for damages when an existing tort law amply protects the right guaranteed by the Indiana Constitution). "[N]o Indiana court has explicitly recognized a private right of action for monetary damages under the Indiana Constitution." *Smith v. Indiana Dep't of Corrections*, 871 N.E.2d 975, 985 (Ind.Ct.App. 2007).

- The prayer for injunctive relief is **denied as moot.** *See Lehn v. Holmes,* 364 F.3d 862, 871 (7th Cir. 2004) ("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief . . . become[s] moot."); *Higgason v. Farley,* 83 F.3d 862, 871 (7th Cir. 1996) (same).

No partial final judgment shall issue at this time as to the claims resolved in this Entry.

**II.**

The action shall **proceed** as to the claims for damages against defendants Sgt. William Miller and Captain Harry Gibbs in their individual capacities. The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue and serve process on these defendants in the manner specified by *Fed. R. Civ. P.* 4(d)(1). Process shall consist of the complaint, applicable forms and this Entry.

**IT IS SO ORDERED.**

Date: 12/17/2010

*[signature]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Robert J. Maxie
#932976
Lakeside Correctional Facility
201 Woodlawn Avenue
Michigan City, IN 46360

Sergeant William Miller
5124 Reformatory Road
P.O. Box 600
Pendleton, IN 46064-0600

Captain Harry Gibbs
5124 Reformatory Road
P.O. Box 600
Pendleton, IN 46064-0600

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**