**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| ROBERT J. MAXIE, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:10-cv-1286-SEB-DML |
| | ) |
| SERGEANT WILLIAM MILLER, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Motion for Partial Summary Judgment**

This is a civil rights action brought by Robert Maxie, an Indiana prisoner. He was incarcerated at the Correctional Industrial Facility ("CIF") in Pendleton, Indiana, between April 30, 1998 and November 9, 2009. Maxie claims that defendants Sergeant William Miller and Captain Harry Gibbs violated his constitutional rights by using excessive force against him. Maxie also claims that the defendants subjected him to retaliation ("the retaliation claim") and that they destroyed a legal document belonging to him ("the legal document claim"). Defendants Miller and Gibbs seek resolution of the retaliation claim and the legal document claim through the entry of summary judgment.

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "'It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.'" *Sanders v. Village of Dixmoor,* 178 F.3d 869, 870 (7th Cir. 1999) (quoting *Liberles v. County of Cook,* 709 F.2d 1122, 1126 (7th Cir. 1983)).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to the partial motion for summary judgment is this: The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). This requirement is intended to serve the dual purpose of affording "prison officials an

opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into courtl[,]" and to improve the quality of inmate suits filed through the production of a "useful administrative record." *Jones v. Bock,* 549 U.S. 199, 204 (2007) (citations omitted). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter,* 534 U.S. at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted). "In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *See Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006).

Maxie has not responded to the motion for partial summary judgment. The consequence is this: "[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission." *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003). The court therefore resolves the motion for summary judgment on the basis of the evidence submitted by the defendants. *See Koszola v. Board of Education v. City of Chicago,* 385 F.3d 1104 (7th Cir. 2004). Consistent with the foregoing, therefore, the following statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Maxie as the non-moving party with respect to the motion for summary judgment.

- ! At the time pertinent to his claims in this action, Maxie was a prisoner at the CIF. The CIF is a prison operated by the Indiana Department of Correction ("DOC"). At that same time, the CIF had an inmate grievance procedure.

- ! The grievance procedure in place in 2009 at CIC included an attempt to resolve the complaint informally, as well as two formal steps – a formal written grievance and then an appeal of the Step 1 response to the formal grievance if the offender was not satisfied with the response or resolution offered.

- ! The actions Maxie challenges through what are now the retaliation claim and the legal document claim were within the scope of treatment and/or conditions of confinement which could be grieved under the grievance procedure in effect at the CIF.

- ! Maxie filed a Step 1 grievance regarding what are now the retaliation claim and the legal document claim and received a response at that level, but did not pursue an appeal of the denial of this grievance.

The failure to exhaust as required by the PLRA is an affirmative defense and it is a defendant's burden to prove that a prisoner has not exhausted available administrative remedies. *See Jones v. Bock,* 127 S. Ct. 910, 921 (2007); *Conyers v. Abitz,* 416 F.3d 580, 584 (7th Cir. 2005). Defendants Miller and Gibbs have shown that there was a grievance procedure available to Maxie at the CIF, that the retaliation claim and the legal document claim were grievable, and that Maxie did not file such a grievance.

Defendants Miller and Gibbs have met their burden of proving that Maxie "had available remedies that [he] did not utilize." *Dale v. Lappin,* 376 F.3d 652, 656 (7th Cir. 2004). Thus, Maxie's failure to properly exhaust available administrative remedies as to the retaliation claim and the legal document claim bars the further development of those claims in this case.

Defendants Miller and Gibbs' partial motion for summary judgment [37] is **granted.** The retaliation claim and the legal document claim are each **dismissed without prejudice.**

The ruling in this Entry does not resolve all claims against all parties. In particular, Maxie's claim of the use of excessive force against defendants Miller and Gibbs will proceed. No partial final judgment shall issue at this time as to the claims resolved in this Entry.

**IT IS SO ORDERED.**

Date: 07/08/2011

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Wade Dunlap Fulford
Indiana Attorney General
wade.fulford@atg.in.gov

Corinne T.W. Gilchrist
OFFICE OF THE INDIANA ATTORNEY GENERAL
corinne.gilchrist@atg.in.gov

Robert J. Maxie
538 1/2 Grove Street
Mishawaka, IN 46545